UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERDAU AMERISTEEL US INC.,

    Plaintiff,

v.                                               Case No. 8:20-cv-1256-KKM-AEP

COMMERCE & INDUSTRY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This matter came before the Court for hearing on July 20, 2021 upon Plaintiff Gerdau Ameristeel US Inc.'s ("Plaintiff") Motion to Compel ("Motion") (Doc. 42). Plaintiff moved to compel production of documents responsive to its First Request for Production, to overrule objections made by Defendant Commerce & Industry Insurance Company ("Defendant" or "C&I"), to compel production of a more extensive privilege log and to compel production of a fully prepared corporate representative for deposition (Doc. 42). For the reasons stated on the record and summarized in this Order, Plaintiff's Motion is granted in part and denied in part.

Central to this litigation is the parties' dispute regarding how to interpret Endorsement No. 1 in the relevant 2011-2012 C&I insurance policy, effective July 1, 2011 and part of policy number 25030399 ("C&I Policy") (Doc. 45-7 at Pgs. 33-34). The C&I Policy serves as an umbrella policy for Plaintiff's commercial general

liability coverage by insurer Zurich American Insurance Company, which bears the same effective period and a policy number of 3878522-00 ("Zurich Policy") (Doc. 45-8). Specifically at issue is how to interpret the meaning of a $750,000 Self Insured Retention ("SIR"), as referenced below:

**ENDORSEMENT NO. 1**

This endorsement, effective 12:01 AM: July 1, 2011

Forms a part of policy no.: 25030399

Issued to: GERDAU AMERISTEEL CORPORATION

By: COMMERCE AND INDUSTRY INSURANCE COMPANY

**SCHEDULE OF UNDERLYING INSURANCE**

| COVERAGE | LIMITS | |
|---|---|---|
| Commercial General Liability<br>Zurich American Ins. Co.<br>7/01/11-12 | $2,000,000<br>$3,250,000<br>$3,250,000 | Each Occurrence<br>General Aggregate<br>Products/Completed Operations Aggregate |

Defense Costs are in addition to the limit and aggregate and do not erode the limit or aggregate.

Which is excess of:                     $750,000 Each and Every SIR (no aggregate)

Defense costs are in addition to the SIR.

(Doc. 45-7 at Pg. 33-34).[1] Plaintiff argues that the $750,000 SIR is a reference to the SIR applicable to the underlying Zurich Policy, while in contrast, Defendant argues that it is an additional SIR applicable to the C&I Policy. In light of the divergent interpretations, the parties' course of dealings are relevant for purposes of Rule 26. Specifically, as to Request Number 1, the Court finds that the production sought is relevant to the parties' course dealings. Notably, Plaintiff asserted during

---

[1] The parties' positions are more fully identified in their competing Motions for Summary Judgment (Docs. 45 and 46).

2

the July 20, 2021 hearing that it estimates that a total of only seven policies should exist between the parties. As such, the Court finds that the records sought under Request Number 1 are relevant and proportional to the needs of the case, and that there is no undue burden in the production of the estimated seven policies.

Requests Numbers 2 and 9 essentially seek all documents relating to the claim, as well as all documents in the underwriting file. Such requests are too broad and go beyond the scope of a relevant inquiry into the meaning of the $750,000 SIR in Endorsement No. 1. Therefore, the only documents that need be produced as to those requests are any documents that refer to or relate to the SIR in the C&I Policy and the Zurich Policy for the Lanier claim.[2]

As to Request Number 3, Defendant has already produced the claim notes for the Lanier claim. Any further documents relating to all other claims are largely irrelevant and certainly not proportional to the needs of the case in interpreting the $750,000 SIR. The same applies to the loss runs sought by Request Number 24 and the communications and internal claims notes for other claims sought by Request Number 25.

Accordingly, it is hereby

ORDERED:

1. For the reasons stated at the hearing and in this Order, Plaintiff's Motion to Compel (Doc. 42) is GRANTED IN PART AND DENIED IN PART.

---

[2] The "Lanier claim" refers to the claim associated with the underlying wrongful death lawsuit.

3

2. Defendant shall have twenty (20) days from the date of the hearing, up to and including August 9, 2021, to supplement its production as outlined in this Order. A status conference will be held on August 16, 2021 at 2:00 P.M. via Zoom where the undersigned will hear argument as to whether a continuation of the 30(b)(6) deposition of Defendant's corporate representative is necessary.

DONE AND ORDERED in Tampa, Florida, on this 21st day of July, 2021.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record